IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AARON ROSS TURNSPLENTY, JR.,<br><br>Defendant. | CR 13-56-BLG-DWM-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. Judge Molloy referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc 47.)

On November 21, 2023, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked and that the Court sentence Defendant to three (3) months imprisonment followed by 33 months of supervised release.

**I.     Background**

In 2013, Defendant pled guilty to the offense of abusive sexual contact in violation of 18 U.S.C. §§ 1153(a) and 2244(a)(1). (Doc. 30.) On January 22, 2014, the Court sentenced him to 120 months imprisonment, to be followed by 36 months supervised release. (Doc. 38.) Defendant began serving his term of supervised release on February 1, 2023.

1

On November 3, 2023, the United States Probation Office filed the petition now at issue. (Doc. 43.) The petition alleges that Defendant violated two conditions of supervised release, and provided a brief explanation of each violation. (*Id.*) Based on the petition, Judge Molloy issued a warrant for Defendant's arrest. (Doc. 44.)

On November 6, 2023, Defendant was arrested. (Doc. 45.) On November 9, 2023, the United States Probation Office filed an Amended Petition, and Defendant made an initial appearance. (Docs. 46, 50.) Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing. (Doc. 50.) The Court set the final revocation hearing for November 21, 2023. (Docs. 48, 50.) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (Doc. 50.)

## II.     **Final Revocation Hearing**

Defendant appeared at the revocation hearing represented by Russell Hart. Colin Rubich represented the United States. The undersigned explained the Findings and Recommendations procedure to Defendant, including his right to object to the Findings and Recommendations, and the right to appear and allocute before Judge Molloy prior to his imposition of sentence. After consenting to proceed, Defendant admitted all of the violations as alleged in the petition.

/ / /

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 36 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration. Defendant could also be sentenced to as long as 36 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant agreed with those calculations.

Defendant's counsel requested a sentence of incarceration at the low end of the Guideline range. Counsel for the United States requested a sentence at the low end of the Guideline range or "a few months."

### III.  Analysis

Based on Defendant's admissions to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to three (3) months imprisonment followed by 33 months of supervised release.

After considering the applicable factors in 18 U.S.C. § 3553(a), a sentence below the advisory revocation range is warranted. The undersigned has considered the nature and circumstances of the violations and the history and characteristics of Defendant. This is a serious violation. Defendant has previously been convicted

of two sexual assaults, and a critical condition of his supervised release for the safety of the community is his participation in a sex offender treatment program. But because of his violations of program rules, he was terminated from his treatment program.

Defendant's cell phone was also searched by Montana Probation and Parole, and it contained videos and images of sexually explicit conduct. This was a clear violation of the conditions of Defendant's supervised release.

Therefore, a custodial sentence is recommended to deter future violations, and to make clear to Defendant that violations of his supervised release will not be tolerated. Providing such deterrence will also protect the public from further violations of his supervised release.

A custodial sentence will also provide the opportunity for needed correctional treatment. Defendant has been terminated from his sex offender treatment program, but he will be permitted to reenter the program following his term of custody.

Nevertheless, the undersigned has also considered that Defendant has been on supervision for nine months and this is his first violation petition. Therefore, a sentence of three (3) months, to be followed by 33 months of supervised release, is sufficient, but not greater than necessary, to accomplish the foregoing objectives

and the purposes in 18 U.S.C. § 3553(a) which are applicable under 18 U.S.C. § 3583(e).

## IV.  Conclusion

Defendant was advised that the above sentence would be recommended to Judge Molloy, and was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance.  He was also reminded that he has the right to appear and allocute before Judge Molloy prior to his imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.  Defendant violated the special condition that he enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer, when he was terminated from sex offender treatment for engaging in high-risk behavior and violating program rules.

2.  Defendant violated the special condition that he not knowingly acquire, possess, or view any materials depicting sexually explicit conduct if the materials, taken as a whole, are designed to arouse sexual desire, when his cell phone contained several videos clips of sexually explicit conduct.

3.  Defendant violated the special condition that he not knowingly acquire, possess, or view any materials depicting sexually explicit conduct if the

materials, taken as a whole, are designed to arouse sexual desire, when Defendant used YouTube to view videos of material containing sexually explicit conduct.

Accordingly, **IT IS RECOMMENDED** that the Court should revoke Defendant's supervised release and sentence Defendant to three (3) months imprisonment, followed by a 33-month term of supervised release.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Molloy will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Molloy may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Molloy, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 22nd day of November, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge