IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 13–56–BLG–DWM–TJC |
| Plaintiff, | |
| vs. | ORDER |
| AARON ROSS TURNSPLENTY, JR., | |
| Defendant. | |

On November 22, 2023, United States Magistrate Judge Timothy J. Cavan entered Findings and Recommendations with respect to the disposition of the revocation proceedings stemming from the November 3, 2023 amended petition for revocation of Defendant Aaron Ross Turnsplenty's supervised release. (Doc. 43.) The amended petition alleged three violations: the failure to complete outpatient sex offender treatment program and two instances of the possession of materials depicting sexually explicit conduct. (*See* Doc. 43.) At a final revocation hearing held on November 21, 2023, Turnsplenty admitted to each violation. (*See* Doc. 56 at 2; Doc. 54 (Min. Entry).) Based on the admitted violations and the evidence presented, Judge Cavan found that Turnsplenty committed all three violations alleged in the amended petition and recommends that supervised release

1

be revoked and that this Court sentence Turnsplenty to a custodial sentence of 3 months, followed by 33 months of supervised release. (Doc. 56 at 3.)

Neither party has filed objections. Failure to object waives the right to review. Fed. R. Crim. P. 59(b)(2). But consistent with the Court's "full authority" to review the Findings and Recommendations under any standard it deems appropriate, *Thomas v. Arn*, 474 U.S. 140, 154 (1958), the Court reviews for clear error. Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Finding no clear error in Judge Cavan's conclusion that the defendant violated the conditions of his release in the manner set forth in the amended petition, and that the defendant's supervision should be revoked, the Court adopts those findings and recommendations. (*See* Doc. 56.)

Accordingly, IT IS ORDERED that Judge Cavan's Findings and Recommendations, (Doc. 56), is ADOPTED IN PART. It is adopted as to Judge Cavan's findings regrading Turnsplenty's violations of his conditions of supervised release and as to his recommendations for the proper sentence to be imposed. It is not adopted as to the proposed special conditions of supervised released as written in the proposed judgment (*see* Doc. 56-1 at 4). The following special conditions of supervised release will be imposed:

1. Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age

of 18, except your own children; go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

2. You must have no contact with victim(s) in the instant offense.

3. You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices capable of storing sexually explicit material without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device or any storage device that has the capacity for storing sexually explicit material. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer.

You must not use any computer device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor. You must not possess encryption or steganography software.

You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

4. You must submit your person, and any property, residence, place of employment, vehicle, papers, [computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media capable of storing sexually explicit material, to which you have access,] to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

5. You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

6. You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

7. You must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale. You must not knowingly enter any dwelling or house where there is the active or ongoing use, abuse or consumption of alcohol or controlled substances and must not knowingly enter or stay in any dwelling or house where

there is one or more persons who are consuming alcohol or participating in the consumption of alcoholic beverages or controlled substances, without the prior written approval of the supervising probation officer. You must not knowingly enter any automobile where a person possesses or is consuming alcohol or controlled substances. You must not have any controlled substances that are not prescribed by a licensed medical doctor and supplied by a licensed medical pharmacy.

8. You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

9. You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are primarily designed to arouse sexual desire, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

10. You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

11. You must participate in substance abuse testing to include not more than 200 urinalysis tests, not more than 200 breathalyzer tests, and not more than 18 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

12. You must participate in and successfully complete an outpatient program of substance abuse treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

13. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

14. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

IT IS FURTHER ORDERED that the defendant's supervised release is revoked. Judgment will be entered by separate document. If the parties have objections to the conditions imposed here, they must notify their objections within 14 days.

DATED this 8th day of December, 2023.

_____
Donald W. Molloy, District Judge
United States District Court